# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

JEROME LONG,  )
 )
     Plaintiff,  )
 )
v.  )  Case No. CIV-16-209-RAW
 )
ROBERT A. MCDONALD,  )
SECRETARY, DEPARTMENT OF  )
VETERAN AFFAIRS,  )
 )
     Defendant.  )

## ORDER

    Before the court is the motion of the defendant to dismiss. The briefing reflects several issues not resolved, which require a second amended complaint and denial of the motion at this time. Plaintiff filed a complaint on May 25, 2016 and filed an amended complaint the next day. The amended complaint alleges that plaintiff is a physician who was employed at the Department of Veteran Affairs ("VA"), specifically at the VA Medical Center in Muskogee, Oklahoma.

    In 2013, plaintiff was given a "Last Chance Agreement," which evidently placed certain conditions on his continued employment. (Amended Complaint, ¶9).[1] On November 19, 2014, plaintiff received a discharge letter, stating he had failed to meet the

---

[1] This document is not part of the record.

conditions. (¶14).² The amended complaint alleges employment discrimination on the basis of race, in violation of 42 U.S.C. §1981. (¶42).

In the present motion, defendant correctly notes that a federal employee's only avenue for judicial relief from federal employment discrimination is through Title VII. *See Belhomme v. Widnall,* 127 F.3d 1214, 1217 (10th Cir.1997). Thus, plaintiff has selected the wrong statutory vehicle. Obviously, the proper course in such circumstances is not immediate dismissal, but the opportunity to file a second amended complaint alleging a Title VII claim.³

Next, defendant asks for dismissal based upon plaintiff's failure to exhaust administrative remedies. "It is well-established that Title VII requires a plaintiff to exhaust his or her administrative remedies before filing suit." *Shikles v. Sprint/United Mgmt. Co.,* 426 F.3d 1304, 1317 (10th Cir.2005). In the amended complaint itself, plaintiff concedes he has not exhausted administrative remedies, but alleges defendant <u>prevented</u> him from doing so. (¶34). The purported basis of the defendant's refusal was the "Last Chance Agreement," which evidently contained a waiver of any future pursuit of administrative action.

In his response to the motion, plaintiff states he "did, undisputedly, enter into a 'last chance agreement' ('LCA') with the VA as a condition of maintaining his employment."

---

²The Amended Complaint also alleges that plaintiff "chose to retire . . . rather than be terminated." (¶35). In the Second Amended Complaint, plaintiff should clarify if he is alleging wrongful discharge or constructive discharge.

³In filing the first amended complaint, plaintiff has already exercised his right to one amendment as a matter of course permitted by Rule 15(a)(1) F.R.Cv.P. Nevertheless, the court is required to "freely give leave" to amend "when justice so requires." Rule 15(a)(2).

2

(#25 at 4). He also states, however, "[t]he agreement to waive EEOC protection was one that Plaintiff was forced into under duress and is one that is unconscionable." *Id*. These issues have not been briefed, but the court is persuaded they do preclude dismissal at this time.[4]

Finally, defendant seeks dismissal because plaintiff did not effectuate service upon the agency itself, as required by Rule 4(i)(2) F.R.Cv.P. Pursuant to Rule 4(i)(4)(A), however, the court must allow a party a reasonable time to cure this failure. Here, the time to cure is encompassed in allowing a second amended complaint.

This seems an odd situation, in that it appears plaintiff would have been "better off" simply being discharged than by signing a "last chance agreement" which apparently waived his right to exhaust remedies and to file this present lawsuit. This may, nevertheless, be an appropriate result under the law. The court also notes that since a proper ruling would likely require a review of the "last chance agreement" itself, any future motion should make it part of the record.[5] Moreover, depending on the kind of "duress" plaintiff alleges in the second amended complaint, limited discovery may be required before a determination of whether this case should proceed. These questions will be addressed in due course.

---

[4] If plaintiff means "duress" in the sense of loss of continued employment, there is authority that "[t]he fact that plaintiff's removal would have been effectuated had he not signed the LCA does not mean that his decision to execute the LCA was involuntary." *Boykin v. England,* 2003 WL 21788953, *6 (D.D.C. 2003). This is not authority binding on this court but in any event, in the second amended complaint, plaintiff should specifically allege the facts demonstrating the duress that was present.

[5] If the authenticity of the document is undisputed, it may not be necessary to convert the motion to one for summary judgment. *See Muniz-Savage v. Addison,* 647 Fed.Appx. 899, 903-04 (10th Cir.2016).

3

It is the order of the court that the motion to dismiss (#20) is denied without prejudice. Plaintiff shall file a second amended complaint on or before November 14, 2016   Proper service under Rule 4 F.R.Cv.P. shall be effectuated of the second amended complaint.

**ORDERED THIS 27th DAY OF OCTOBER, 2016.**

**Dated this 27th day of October, 2016.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma